UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN O'KEEFE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TESLA MOTORS, et al.,<br><br>　　　　Defendants. | Case No. 3:16-cv-07179-WHO<br><br>**ORDER DENYING PLAINTIFF'S FRCP 60(B) MOTION**<br><br>Re: Dkt. No. 35 |

On September 11, 2017, pro se plaintiff Kevin O'Keefe filed a motion under Federal Rule of Civil Procedure 60(b) to set aside the judgment in this case and restore it to the active docket. Dkt. No. 35. He argues that he was not served defendants' motion to dismiss, which was filed February 22, 2017.

There is a fundamental problem with Mr. O'Keefe's motion. He had the duty to provide his current address to the Court and defendants at all times during the litigation. Civ. L. R. 3-11(a) ("An attorney or a party proceeding pro se whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address.") Defendants served their motion to dismiss at the address he initially provided. Dkt. No. 17. When he failed to respond timely, defendants filed a reply to their motion to dismiss on March 27, 2017, advising the Court of that fact. Dkt. No. 27. On March 30, 2017, Mr. O'Keefe filed a notice of change of address, indicating that he had been homeless for several weeks and documenting his new address. Dkt. No. 28. That was reason enough to excuse his failure to keep the Court informed of his contact information and give him additional time to respond; I issued an Order that allowed him to respond to defendants' motion by April 17. Dkt. No. 29. I warned him that failure to do so would result in the action being dismissed pursuant to

Rule 41(b). *Id.* The Order was served at his new address. Dkt. No. 29-1.

Mr. O'Keefe never responded. As a result, I issued an order dismissing the case for failure to prosecute on April 24, which was also served at his new address, and entered judgment on April 28. Dkt. Nos. 33, 34. Over four months later, Mr. O'Keefe filed the motion to restore. Defendants oppose. Dkt. No. 36.

Federal Rule of Civil Procedure 60(b) provides relief from a final judgment on the following grounds:

> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion must be made "within a reasonable time[.]" Fed. R. Civ. P. 60(c).

Mr. O'Keefe is not entitled to relief. His motion repeatedly states that he was not served the motion to dismiss "nor … anything from this Court." Assuming that is true, the fault lies in his failure to provide accurate contact information to the Court and defendants and in his failure to prosecute his lawsuit, which was filed more than nine months ago on December 15, 2016. His motion to restore focuses solely on the change of address that he filed in March. He does not explain how it is that he was not served the Order to Show Cause and the Order Dismissing the Case at the address he had so recently provided to the Court, or why he has waited so long file this motion or to attempt to litigate this case. According to the address listed on his motion, he is living at a different address now than the one of which he advised the Court in March. He gives no explanation for this, and no reason under Rule 60(b) to grant relief. His motion is DENIED.

1 | The Clerk shall serve this Order on the address on file with the Court and on the address
2 | listed above the caption of Mr. O'Keefe's motion.

**IT IS SO ORDERED.**

Dated: October 5, 2017

William H. Orrick
United States District Judge